IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Maria Gonzalez De Rojas, et. al, | NO. C 05-04853 JW |
| Plaintiffs,<br>v. | **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |
| Smart Transportation, et. al, | |
| Defendants. | |

## I. INTRODUCTION

On April 21, 2004, Maria Gonzalez De Rojas's husband was killed when a fully loaded large truck trailer rolled over and crushed the automobile in which he was riding. (See Docket Item No. 8, Plaintiffs' Motion to Remand, hereafter, "Motion" at 2.) The other passengers in the automobile, Eduardo Gortari and Francis Sesto, were seriously injured in the accident. On July 2, 2004, Ms. De Rojas, her two minor children, and Mr. Gortari and Mr. Sesto (collectively "Plaintiffs") filed a wrongful death and personal injury action in the Monterey County Superior Court against Iceberg Enterprises ("Iceberg"), Smart Transportation ("Smart"), and Mahad Haji Yusuf ("Yusuf") who was the driver of the truck (Id.)

At the time of the filing of the State action, Plaintiffs' Complaint alleged that Smart is a foreign corporation or other business entity of a type unknown to Plaintiffs but whose principal place of business is the State of Ohio; Yusuf is an individual who is a resident of the State of Ohio; and Iceberg is a corporation

with its principal place of business in National City, California and is the owner of a 1996 utility trailer involved in the accident. (Defendants' Notice of Removal, Ex. A ¶ 2.)

In the course of discovery, it was revealed that Iceberg is a Colorado corporation with its principal place of business in Colorado. (Motion at 2.) It was also revealed that Smart is a California corporation. However, at the time of the State action, Smart was a "suspended" corporation.

On October 31, 2005, after the close of discovery in the State court proceedings, Iceberg moved and was granted summary judgment. On November 28, 2005, Smart and Yusuf removed the case to the District Court of Northern District of California on the basis of diversity of citizenship. 28 U.S.C. § 1332. Plaintiffs filed a Motion to Remand and requested that time be shortened for an immediate hearing. Plaintiffs' Motion for Shorten Time was granted.

On December 12, 2005, the parties appeared for a hearing on Plaintiffs' Motion to Remand. Based on the papers filed to date and the arguments presented, the Court GRANTS Plaintiffs' Motion to Remand.

## II. DISCUSSION

A defendant may remove to federal court any civil action brought in a state court that originally could have been filed in federal court. 28 U.S.C. § 1441(c). Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over any civil action where the dispute is between citizens of different states and the amount in controversy exceeds $75,000.

Title 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The defendant seeking removal of an action to federal court bears the burden of establishing grounds for federal jurisdiction. Id. § 2:609. Removal statutes are construed restrictively, so as to limit removal jurisdiction. Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). Doubts as to removability are resolved in favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Removal jurisdiction is not coequal to original jurisdiction. Even if there is complete diversity of citizenship such that the action could be filed in a federal district court, a case nevertheless cannot be removed if one of the defendants is a citizen of the forum state. 28 U.S.C. § 1441(b).

Rule 17(b) of the Federal Rule of Civil Procedure provides that the capacity of a corporation to sue and be sued is determined by the law of the state under which it was organized. There is no question that Smart was organized under the laws of the State of California. (Declaration of Rebecca Connolly in Support of Plaintiffs' Motion to Remand, Ex. D; Declaration of Charles O. Thompson in Support of Opposition to Plaintiffs' Motion to Remand, Ex. C.) Smart argues that since it has been "suspended" as a corporation, it should not be considered a California corporation. There is no authority to support this position. Under California Corporation Code 2205, a corporation is suspended until it complies with certain requirements. According to the California Secretary of State's Official Website, a corporation is suspended for "failure to meet statutory filing requirements of either the Secretary of State's office or the Franchise Tax Board." (Thompson Decl. Ex. C.) During oral argument, counsel for Smart represented that they do not know the reasons for Smart's suspended status as a California corporation. It appears though that Smart would be able to lift this status by complying with the necessary filing requirements.

It is settled that during the suspension, a California corporation is disabled from resort to the courts for any purpose. See Community Elec. Service v. National Elec. Contr., 869 F.2d 1235, 1239 (9th Cir. 1989). However, it does not cease to exist as a California corporation. It is still empowered to take actions to relieve the suspension and it can amend its articles of incorporation. See Cal. Corp. Code 2205. Thus, for the purpose of determining citizenship of a corporation, the Court only looks to Smart's place of incorporation, not its status, whether inactive or suspended. Therefore, at the time this action was removed, one of the Defendants, Smart, was a California citizen and the action was not removeable.

The other statutory provision which prevents removal is the prohibition against removal on the basis of diversity of an action which has been pending for more than one-year in State court. See 28 U.S.C. § 1446. Smart and Yusuf argue that they should be relieved from this requirement because they removed

3

within 30 days of the dismissal of Iceberg, which was fraudulently joined.  First, the dismissal of Iceberg did not make removeable a case which was otherwise not removeable.  The dismissal of Iceberg left Smart, a California citizen and Yusuf, an Ohio citizen.  With Smart still in the case, 28 U.S.C. § 1441(b) still prohibits removal.  Secondly, the Court does not find any basis for Defendants' position that the addition of Iceberg was fraudulent.

### III. CONCLUSION

The Court GRANTS Plaintiff's Motion to Remand.  The case is remanded to the California Superior Court for Monterey County.  The Court retains jurisdiction subsequent to the remand for the purpose of considering a motion by the Plaintiffs for attorney's fees and costs incurred as result of the removal under 28 U.S.C. § 1447(c).  The Clerk of this Court shall close the file.

Dated: December 12, 2005

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Charles Oliver Thompson thompsonc@lbbslaw.com
Charles Oliver Thompson thompsonc@lbbslaw.com
David Bernard Lynch Dlynch@lowball.com
Melynnie Anne Rizvi rizvi@lbbslaw.com
Rebecca Connolly Rebecca.Connolly@grunskylaw.com

Dated: December 12, 2005                    Richard W. Wieking, Clerk

                                            By:   /s/ JW Chambers
                                                  Ronald L. Davis
                                                  Courtroom Deputy